IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:17-MC-00006-FL

OBALON THERAPEUTICS, INC.,    )
    )
        Petitioner,    )
    )
- - - - - - - - -    )        **ORDER**
    )
POLYZEN, INC.    )
    )
        Objector.    )
    )

This matter came before the court on February 17, 2017, for hearing on petitioner's petition to perpetuate testimony pursuant to Federal Rule of Civil Procedure 27 (DE 1), at which objector, Polyzen, Inc. ("Polyzen"), appeared through counsel in opposition to the petition. Upon the petition, response by Polyzen, and statements of counsel, the court allowed the petition, with written order forthcoming. This order serves to memorialize and explain the court's oral ruling, and sets forth terms and conditions for perpetuation of the subject testimony.

**BACKGROUND**

Petitioner filed the instant verified petition under seal on February 1, 2017, pursuant to Federal Rule of Civil Procedure 27, for an order authorizing it to depose Douglas C. Sampson ("Sampson") in order to perpetuate testimony that might otherwise be lost, in light of Sampson's ill health. Petitioner asserts that Sampson will testify concerning his inventive contributions to two patents owned by Polyzen, United States Patent Nos. 7,682,306 and 7,883,491 (hereinafter "Polyzen's patents"). Petitioner expects Polyzen to commence a patent infringement action against

petitioner, on the basis of a July 2016 letter from Polyzen to petitioner suggesting that petitioner

should take a license from Polyzen in connection with petitioner's gastric balloon product. Petitioner

asserts that it will offer Sampson's testimony in defense of any infringement suit filed, but that it

cannot cause Polyzen to commence a suit.

Given the exigent circumstances presented, the court by text order shortened the hearing time

prescribed by Rule 27, set the matter for hearing by telephone, and directed petitioner to serve a

copy of the court's order upon Polyzen. Petitioner filed proposed order on February 8, 2017. On

February 16, 2017, counsel for Polyzen entered appearances and filed a memorandum in opposition

to the petition. At telephonic hearing, the court heard statements by counsel and allowed the

petition.

## COURT'S DISCUSSION

A.      Applicable Law

Rule 27 provides a procedure "before an action is filed" for obtaining testimony by

deposition of a witness. See Fed. R. Civ. P. 27(a). In particular, "[a] person who wants to

perpetuate testimony about any matter cognizable in a United States court may file a verified petition

in the district court for the district where any expected adverse party resides." Id. "The petition must

ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their

testimony." Id. "The petition must be titled in the petitioner's name and must show" the following:

> (A) that the petitioner expects to be a party to an action cognizable in a United States
> court but cannot presently bring it or cause it to be brought; (B) the subject matter
> of the expected action and the petitioner's interest; (C) the facts that the petitioner
> wants to establish by the proposed testimony and the reasons to perpetuate it; (D) the
> names or a description of the persons whom the petitioner expects to be adverse
> parties and their addresses, so far as known; and (E) the name, address, and expected
> substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1).

With respect to court review of a petition, Rule 27 states that "[i]f satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories." Fed. R. Civ. P. 27(a)(3). "The depositions may then be taken under [the Federal Rules of Civil Procedure], and the court may issue orders like those authorized by Rules 34 and 35." Id.

The Fourth Circuit has applied Rule 27 once, in Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra, 198 F.3d 473, 484 (4th Cir. 1999). "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." Id. (quotations omitted). "Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint." Id. at 485 (citations omitted). "A petitioner must know the substance of the evidence it seeks before it can invoke Rule 27 perpetuation." Id. at 486. "[T]he judge's discretion encompasses the nature and quality of evidence required to make or rebut the required showing in Rule 27(a)(1)." Id.

B.     Application

The instant petition meets the requirements of Rule 27. As required by the rule, it is verified and was filed in this district where Polyzen resides. It asks for an order authorizing the petitioner to depose Sampson. It also includes the components enumerated in Rule 27, detailed in turn below, and it satisfies the court that perpetuating testimony may prevent a failure or delay of justice.

1.      Expected Party in Cognizable Action

Petitioner has shown that it expects to be a party in a patent infringement suit by Polyzen, which is cognizable in this court, on the basis of a letter sent by Polyzen's counsel to petitioner in July 2016, suggesting that Obalon should take a license from Polyzen for Obalon's gastric balloon product. Petitioner also has shown that it cannot bring such suit or cause it to be brought, as it does not seek to assert infringement against Polyzen.

Polyzen argues nonetheless that petitioner has not met the first requirement of Rule 27, because petitioner readily can bring a lawsuit for invalidity or non-infringement, as well as an action to correct inventorship, based upon the issues raised by Sampson's proposed testimony. Rule 27 is not so restrictive, however. The threshold issue under Rule 27 is whether petitioner "expects to be a party to an action . . . but cannot presently bring it or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A) (emphasis added). The rule does not require petitioner to show that it could not possibly bring any lawsuit on its own. Rather, the rule requires petitioner to show that it expects to be a party to a particular action (here, a patent infringement suit brought by Polyzen), but that it cannot presently bring that action or cause that action to be brought. See id. Petitioner does not state that it expects to bring any litigation or claim against Polyzen based upon petitioner's use of its own gastric balloon product. Accordingly, its theoretical ability to bring offensive claims of its own is irrelevant to the Rule 27 inquiry.

Polyzen also suggests that it is not reasonable for petitioner to expect Polyzen to bring a lawsuit against petitioner on the basis of the July 2016 letter. The rule, however, "does not require absolute certainty." Deiulemar, 198 F.3d at 485. "A cognizable action only requires a sufficient likelihood that the expected litigation will eventuate." Id. The July 2016 letter, as described, meets

4

this requirement, because the letter suggests procurement of a license, which reasonably may be interpreted as a precursor to a patent infringement suit.

In sum, petitioner sufficiently has demonstrated that it expects to be a party to an action that it cannot bring, and petitioner has demonstrated the subject matter of the expected action and petitioner's interest in it. See Fed. R. Civ. P. 27(a)(1)(A) & (B).

2. Expected Substance of Testimony

Petitioner has demonstrated the facts it wants to establish by the proposed testimony, which it has detailed in its petition and at hearing. In particular, petitioner seeks to establish Sampson's "inventive contributions" to Polyzen's patents. (DE 1 ¶ 9). Petitioner asserts that Sampson will testify that he is the founder and president of Phagia Technology, Inc. ("Phagia"). According to petitioner, in or about June 2003, Sampson met with representatives from Polyzen, including its founder and president Tilak Shah ("Shah"), to discuss the possibility of Polyzen serving as a manufacturer of the Phagia gastrict balloon. During this meeting and in subsequent interactions, Sampson allegedly disclosed significant inventive aspects of the gastric balloon technology under the protection of a non-disclosure agreement between Phagia and Polyzen. Finally, petitioner expects Sampson to testify that the two patents asserted claim the inventive concepts that he communicated to Polyzen and Shah. While Polyzen disputes the substance of this testimony, the description provided satisfies the requirements of Rule 27(a)(1)(C) & (E).

3. Demonstrated Need for Perpetuation of Testimony

As noted above, petitioner must demonstrate a need for perpetuating the testimony, see Fed. R. Civ. P. 27(a)(1)(C), and the court must be satisfied that "the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(2). "To show that Rule 27 perpetuation of testimony may

prevent a failure or delay of justice, a petitioner must demonstrate a need for the testimony or evidence that cannot easily be accommodated by other potential witnesses." Deiulemar, 198 F.3d at 486 (quotations omitted).  To satisfy this requirement, a petitioner must only make "a reasonable showing of the need to perpetuate the testimony lest it be lost because of the commencement of litigation." Id. at 484 n. 16.  "[A]lthough general allegations are not sufficient to show an immediate need to perpetuate testimony, the age of a proposed deponent may be relevant in determining whether there is sufficient reason to perpetuate testimony." Id.

Here, petitioner has alleged detailed facts demonstrating the immediate need to perpetuate testimony, in terms of the advanced age and critical health condition of Sampson.  (DE 1 ¶ 12). Petitioner also has demonstrated that there are not likely to be any other witnesses who could provide the testimonial evidence that Sampson is expected to provide.  (Id.).

Polyzen argues nonetheless that the right to perpetuate testimony "does not depend on the condition of the witness."  (Resp. DE 15 at 3).  This position is directly contradicted, however, by the above rule stated in Deiulemar.  See 198 F.3d 484 n. 16.  Polyzen also suggests that petitioner has not presented sufficient evidence of exigency, where Polyzen asserts that Sampson's health condition was not disclosed to Polyzen.  (See DE 15 at 6).  The court has reviewed the description of Sampson's health condition in the sealed petition, however, and the court is satisfied that Sampson's health condition is critical and serious.

Polyzen also argues that perpetuating the testimony of Sampson is unnecessary because the testimony may be futile or insufficient in itself to establish a claim or defense.  Polyzen asserts that Sampson's testimony must not be essential because petitioner will have to offer other corroborating evidence of inventorship.  At the same time, if plaintiff does not offer such corroborating evidence

6

of inventorship, Polyzen contends Sampson's testimony will be futile. Rule 27 does not require, however, a showing that the testimony is essential, in itself, for success on a claim or defense. Nor does Rule 27 require a petitioner to disclose other corroborating evidence it may have. Rather, petitioner need only demonstrate that the testimony "cannot easily be accommodated by other potential witnesses," and "the testimony to be perpetuated must be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact." Deiulemar, 198 F.3d at 486 (citations omitted). "Evidence that throws a different, greater, or additional light on a key issue might well 'prevent a failure or delay of justice.'" Id. at 487. (quoting Fed.R.Civ.P. 27(a)(3)). The testimony as presented meets this standard, even if it is not in itself sufficient to support a defense.

In sum, the court is satisfied that perpetuating the testimony of Sampson may prevent a failure or delay of justice. The court therefore orders that Sampson's deposition may be taken on the subject matter of his inventive concepts regarding gastric balloon technology that Sampson and Phagia communicated to Polyzen and Shah prior to the application that led to Polyzen's patents; and on the subject matter that said patents claim the inventive concepts that Sampson communicated to Polyzen and Shah. The deposition of Sampson shall be taken orally, and shall take place on or before April 15, 2017, on a date and at a time mutually convenient for petitioner, Polyzen, and counsel for Sampson, if any, provided that all such counsel may agree to a later date. In addition, the deposition shall take place in or around Palm City, Florida, or at a place convenient to Sampson.

## CONCLUSION

Based on the foregoing, and upon the foregoing terms and conditions, the court GRANTS the petition (DE 1). The clerk is DIRECTED to close this case.

SO ORDERED, this the 6th day of March, 2017.

LOUISE W. FLANAGAN
United States District Judge